**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 4:15-cr-00023-TWP-VTW |
| ) | |
| RONALD TINGLE, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION FOR REVOCATION OF RELEASE ORDER**

This matter is before the Court on the Government's request that the Court conduct a *de novo* review of the Magistrate Judge's Order permitting pretrial release of Defendant Ronald Tingle ("Mr. Tingle"). Pursuant to 18 U.S.C. § 3145(a), the District Court Judge has reviewed the Magistrate Judge's Order of Release, entered on the record on December 21, 2015. ([Filing No. 40](#).) The Court has reviewed the transcript of the proceedings held on December 21, 2015, the pretrial services report ("PS3") prepared by the United States Probation Office, and has considered the Government's Motion for Revocation of Release Order ([Filing No. 39](#)), as well as argument submitted at the December 23, 2015 hearing. The Court finds that Mr. Tingle has not overcome the burden of production to show that he is not a flight risk or danger to the community. Even if Mr. Tingle were able to overcome his burden, the Government has offered sufficient evidence that there are no conditions or combination of conditions which would overcome the unacceptable risk that Mr. Tingle's release poses a danger to any person or the community. Accordingly, the Government's Motion for Revocation of Release Order is **GRANTED.**

## I. BACKGROUND

On October 20, 2015 Mr. Tingle was charged by Indictment with Count 1: Possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(viii); and Counts 2 – 4: Distribution of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). The Government orally moved for pretrial detention on the basis of danger to the community and risk of flight pursuant to 18 U.S.C. § 3142 to which Mr. Tingle waived his right to a detention hearing, but reserved the right to request a hearing at a later date. Thereafter, Mr. Tingle requested a hearing and the Government filed a motion for detention on December 21, 2015 pursuant to 18 U.S.C. § (f)(1)(B), (f)(1)(C), (f)(1)(E) and (f)(2)(A). (Filing No. 38.) The parties agreed that there is a rebuttable presumption for detention given the charges and that defendant is tasked with bringing forward evidence that he is not a risk of flight or danger to the community.

The Magistrate Judge conducted a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of the statute would reasonably assure the appearance of Mr. Tingle as required and the safety of any other person and the community. At the detention hearing, the Magistrate Judge found the Government had not shown by clear and convincing evidence that there was no combination of conditions that could reasonably assure the safety of others or the community and Mr. Tingle was ordered released under certain conditions. The Government moved for a stay of the Magistrate Judge's order pending *de novo* review by the District Court Judge.

## II. FINDINGS OF FACT

Mr. Tingle has presented evidence that he has significant ties to the community. He is a lifelong resident of either Carroll County, Kentucky or Switzerland County, Indiana area, and currently resides in Patriot, Indiana with his girlfriend of 31 years. Since 1997 he has been a member in good standing of the Iron Workers Union Local #44 and although he has no verified employment history, he and his partner manage a restaurant in Carroll County which he inherited from his parents. Mr. Tingle is also active in his community and provides support and service to his family and friends. Mr. Tingle has no history of violence in his criminal history and his friends and family have not known him to be violent or to traffic in illegal drugs.

The Government proffered that a confidential informant gave a tip that Mr. Tingle had a large sum of cash hidden in his boats and he did not intend to appear in court, as he was going to abscond using a boat and travel to Mexico. However, Mr. Tingle's boats are in no condition to be put in water.

Mr. Tingle has four prior drug trafficking arrests: Trafficking in LSD (felony conviction), Trafficking in Cocaine (conditionally discharged), Trafficking and Possession of Marijuana (guilty and sentence unknown) and Dealing in Cocaine (dismissed in 1992). His last known felony conviction was over 26 years ago.

At the hearing before this Court, the Government presented evidence of the nature and circumstances of the offenses charged. The weight of evidence against Mr. Tingle is as follows: in August 2015, on three separate occasions, a confidential informant allegedly made three controlled buys of methamphetamine from Mr. Tingle at his home in Switzerland County. On September 2, 2015, law enforcement officers conducted a traffic stop on a vehicle driven by Mr. Tingle. A controlled substance and approximately $1,100.00 in U.S. currency was confiscated,

which included the serial numbers of money used in the controlled buys.  A search pursuant to a search warrant of Mr. Tingle's home recovered a large amount of methamphetamine (approximately 165 grams), one pound of marijuana, baggies, scales, over $6,000.00 cash and eight firearms.  Those firearms included the following:

> Loaded Smith & Wesson 9mm handgun
> Ruger 10/20 .22 caliber rifle
> Remington 870 pump 12 gauge shotgun with sling attached
> New England 20 gauge single shot shotgun
> New England 20 gauge single shot shotgun
> Ruger .22 caliber Mark II target pistol
> Harrington & Richardson 12 gauge single shot shotgun
> Loaded Taurus .38 caliber special model 85 revolver containing five (5) bullets

It is alleged that some of the eight firearms were located near the methamphetamine and the two handguns were loaded.  The Court finds that the weight of evidence against Mr. Tingle is strong.

The Government also presented evidence and argument that Mr. Tingle trafficked methamphetamine out of his residence in Switzerland County and asked the Court to take judicial notice of the probation officer's risk assessment score of Category 4, indicating a danger to the community.

The Court finds this argument to be credible and persuasive.  The Court is not convinced by clear and convincing evidence that Mr. Tingle would abide by any conditions of release to protect others from the dangerous criminal activity of drug possession and trafficking.

### III.  CONCLUSIONS OF LAW

Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required.  *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985).  With respect to reasonably assuring the safety of any other person and the community, the Government bears the burden of proving its allegations by clear and convincing evidence.  18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 742, 107 S.Ct. 2095, 2099, 95 L.Ed.2d 697 (1987); *Portes*, 786

F.2d at 764; *Orta*, 760 F.2d at 891 & n. 18; *Leibowitz*, 652 F. Supp. at 596; *United States v. Knight*, 636 F.Supp. 1462, 1465 (S.D. Fla. 1986). Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 43 1-33, 99 S.Ct. 1804, 1812-13, 60 L.Ed.2d 323 (1979).

In determining whether there are conditions of release that will reasonably assure a defendant's appearance and the safety of any other person and the community, the Court must take into account the following factors under 18 U.S.C. § 3142(g):

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ;

(2) the weight of the evidence against the accused;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g)(1)-(3)(A), (B), and (4).

The Court has considered the evidence presented on the issue of release or detention and weighed both in accordance with the factors set forth in 18 U.S.C. § 3142(g) and the legal standards set forth above. Among the factors presented for the Court's consideration is Mr. Tingle's character, family ties, employment, length of residence in the community, community ties, past conduct, and criminal history. *See* 18 U.S.C. § 3142(g)(3)(A). However, the presence of community ties and related ties have been found to have no correlation with the issue of safety of

the community. *United States v. Delker*, 757 F.2d 1390, 1396 (3rd Cir. 1985); S.Rep. No. 98- 225, 98th Cong., 1st Sess. at 24, reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3207-08.

The Court finds the Government has shown by clear and convincing evidence that Mr. Tingle presents a danger to the community and a danger to the safety of any other persons in the community. Specifically, the Court has considered the nature and circumstances of the offense charged. A confidential informant made three controlled buys from Mr. Tingle. A search of his home recovered a large quantity of methamphetamine, as well as marijuana, cocaine and large sums of cash. Mr. Tingle is a convicted felon. Eight firearms, including two loaded handguns, were located in Mr. Tingle's home, some near the controlled substances. The weight of the evidence against Mr. Tingle is strong and favors detention. 18 U.S.C. § 3142 (g)(2).

Mr. Tingle has a long history of arrests and convictions relating to drug trafficking dating back to the 1980s. Although there is no evidence that the firearms were used in connection with the instant methamphetamine trafficking, the fact that some of the firearms were located in close proximity to the controlled substances and that Mr. Tingle allegedly conducted his drug trafficking in his current residence, are of concern to the Court. The Court is persuaded by the Government's argument that Mr. Tingle appears to "lead two lives" and that home incarceration or other conditions of release would not be sufficient to prevent future danger. And, finally, Mr. Tingle is scored at Category 4 on a pretrial risk assessment indicating a relatively high risk of flight and/or danger to the community. While the Court does not find that Mr. Tingle presents a risk of flight, it does find that he presents a danger. Based on this defendants characteristics, the Court finds that no conditions or combination of conditions exist which would overcome the unacceptable risk that Mr. Tingle's release poses a danger to any person or the community.

## IV. ORDER

For the reasons stated above, the District Court's *de novo* determination is that the Government has met its burden of proof and the Government's Motion for Revocation of Release Order ([Filing No. 39](#)) is **GRANTED**. Mr. Tingle is remanded to the custody of the United States Marshal pending trial or other disposition of this matter.

**SO ORDERED.**

Date: 12/28/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Paul D. Baugh
LAW OFFICES OF PAUL D. BAUGH, PC
baughlaw@yahoo.com

MaryAnn Totino Mindrum
UNITED STATES ATTORNEY'S OFFICE
maryann.mindrum@usdoj.gov

Electronic Service to United States Marshal Service

Electronic Service to United States Probation Office