**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15-cr-00023-TWP-VTW |
| | ) |
| RONALD TINGLE, also known as CAPTAIN | ) |
| RON, also known as CAP, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON MOTION TO SUPPRESS**

This matter is before the Court on Defendant Ronald Tingle's ("Tingle") Motion to Suppress (Filing No. 90).  Tingle is charged with count one:  Possession of Methamphetamine with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), counts two, three and four: Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(B)(viii), and count five:  Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  Tingle petitions the Court to suppress any and all items seized from his residence on September 8, 2015.  Tingle did not request an evidentiary hearing, nor is one warranted, as there are no significant disputed factual issues. Pursuant to Federal Rule of Criminal Procedure 12(d), the Court now states its findings of fact and conclusions of law and **DENIES** the Motion to Suppress.

## I.    FINDINGS OF FACT

In June 2015, a confidential informant informed Indiana State Police officers that Tingle was distributing methamphetamine in Switzerland County, Indiana.  (Filing No. 108-1.)  The informant advised that he/she had known Tingle for many years and had previously purchased methamphetamine from him.  Thereafter, in August 2015, the informant conducted three

controlled buys of methamphetamine from Tingle at Tingle's residence in Switzerland County, Indiana. (Filing No. 96 at 17.) The informant used money he/she received from Indiana State Police to purchase the methamphetamine from Tingle. *Id.* at 19. The informant allegedly purchased approximately two grams of methamphetamine on August 7, 2015, four grams of methamphetamine on August 18, 2015, and seven grams of methamphetamine on August 31, 2015. Police officers audio recorded and surveilled each transaction. *Id.* at 17-18. They also searched the informant before and after each transaction to ensure that no contraband was on his/her person. (Filing No. 108-1 at 3.)

After the third transaction, on September 1, 2015, a Switzerland County Circuit Court Judge found probable cause to issue a search warrant, authorizing law enforcement to search Tingle's residence based on information provided by the informant, the three controlled buys, and surveillance by law enforcement. (Filing No. 108-1 at 7-8.)

The next day, September 2, 2015, law enforcement officers conducted a traffic stop on a vehicle driven by Tingle. (Filing No. 96 at 18.) During the traffic stop, the officers recovered approximately $1,100.00 in U.S. currency, some of which included the serial numbers of money used in the controlled buys. *Id.* at 18-19. That same day, Indiana State Police officers executed the search warrant and searched Tingle's home. (Filing No. 108-2.) During the search, the officers recovered a large amount of methamphetamine (approximately 165 grams), marijuana, scales, over $6,000.00 in cash, and eight firearms. *Id.* at 20. Those firearms included: 1) a loaded Smith & Wesson 9mm handgun; 2) a Ruger 10/20 .22 caliber rifle; 3) a Remington 870 pump 12 gauge shotgun with sling attached; 4) two New England 20 gauge single shot shotguns; 5) a Ruger .22 caliber Mark II target pistol; 6) a Harrington & Richardson 12 gauge single shot shotgun; and 7) a

loaded Taurus .38 caliber special model 85 revolver containing five bullets.  (Filing No. 108-2 at 16.)

Thereafter, Tingle was charged with one count of Possession of Methamphetamine with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), three counts of Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(B)(viii), and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  (Filing No. 81.)

## II.   DISCUSSION

Tingle moves this Court to suppress all evidence seized from his residence, asserting that the search warrant lacked probable cause.  Tingle also asserts that suppression of evidence is warranted because the search warrant became stale after being issued on September 1, 2015 and executed seven days later on September 8, 2016.  Tingle further contends that, because the warrant was stale, the exception to probable cause under *United States v. Leon*, 104 S. Ct. 3405 (1984) does not apply.

### A.   Probable Cause

Tingle contends that the judicial officer was not made aware of the confidential informant's "extensive criminal history" and the affidavit failed to provide independent supporting information regarding reliability of information provided in the past.  (Filing No. 90 at 1-2.)  He argues that the search warrant lacked probable cause, asserting that it relies solely on unreliable statements made by a confidential informant.  "Probable cause is established when, based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime."  *United States v. Peck*, 317 F.3d 754, 756 (7th Cir. 2003) (citing *Illinois v. Gates,* 462 U.S. 213, 238 (1983); *United States v. Jones*, 208

F.3d 603, 608 (7th Cir.2000)).  The duty of the court is to determine whether "there is substantial evidence in the record supporting the [magistrate] judge's decision," that probable cause existed. *United States v. Lloyd,* 71 F.3d 1256, 1262 (7th Cir.1995).  Additionally, where the credibility of an informant is at issue, the court considers:  "(1) the personal observations by the informant, (2) the degree of detail given, (3) independent police corroboration of the informant's information, and (4) the informant testifying at the probable cause hearing."  *United States v. Jones*, 208 F.3d 603, 609 (7th Cir. 2000) (citing *United States v. Singleton,* 125 F.3d 1097, 1103–04 (7th Cir.1997)).

The Government argues that a sufficient basis for finding probable cause exists because the confidential informant participated in three controlled buys of methamphetamine from Tingle. Law enforcement officers searched the informant for contraband prior to each transaction to preserve the integrity of the controlled buy and found that the confidential informant did not possess methamphetamine prior to entering Tingle's residence.  The Government contends that, independent from the informant's statements, audio recordings and surveillance corroborates the information provided by the informant.  The Government further asserts that the affidavit is extremely detailed and clearly provides a sufficient basis for finding probable cause.

The Court agrees.  Apart from the statements of the informant, the affidavit clearly outlines that law enforcement officers witnessed the informant enter Tingle's residence and exit with methamphetamine on three separate occasions in August 2015.  During all three transactions, law enforcement established audio and visual surveillance which support their contention that the informant purchased methamphetamine from Tingle.  The duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for concluding" that probable cause existed. *United States v. Roth,* 391 F.2d 507, 509 (7th Cir.1967).  Based on the totality of the circumstances,

there is substantial evidence in the record supporting the Switzerland County Circuit Court Judge's finding of probable cause that evidence of methamphetamine would be found in Tingle's residence.  Accordingly, suppression is not warranted on this basis.

**B.**      **The search warrant was not stale**

In the alternative, Tingle moves this Court to suppress all items seized from his residence on September 8, 2015 because the search warrant was stale.  He goes on to assert that the "good faith" exception is inapplicable because the information contained in the affidavit for the search warrant became stale after it was issued on September 1, 2015 and executed seven days later on September 8, 2016.  Where an officer objectively relies in "good faith" on a "magistrate's determination of probable cause…, an application of the extreme sanction of exclusion is inappropriate."  *United States v. Leon*, 468 U.S. 897, 926 (1984).  Tingle contends that "exigent circumstances dictate that the warrant should have been executed with a day at most, given the nature of drug trafficking."  (Filing No. 90.)

In response, the Government asserts that the information contained in the search warrant was not stale because the warrant was issued on September 1, 2015 and executed on September 2, 2015.  Tingle is mistaken when he asserts that the search warrant was executed on September 8, 2015.  The return on the search warrant indicates that the warrant was executed on September 2, 2015 at 9:08 a.m. (Filing No. 108-2).  The Court concludes that the search warrant was executed within one day, therefore the information contained in the search warrant was not stale and law enforcement officers reasonably and in good faith relied on the magistrate's determination of probable cause.  Accordingly, suppression is not warranted on this basis.

### III.   CONCLUSION

For the reasons stated above, Ronald Tingle's Motion to Suppress is **DENIED**.  (Filing No. 90.)

**SO ORDERED.**

Date: 11/15/2016

_____

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brian K. Darling
BRIAN K. DARLING
confederateyankeester@gmail.com

MaryAnn Totino Mindrum
UNITED STATES ATTORNEY'S OFFICE
maryann.mindrum@usdoj.gov