UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
| ) | |
| Plaintiff,            ) | |
| ) | |
| v.            ) | Case No. 4:15-cr-00023-TWP-VTW |
| ) | |
| RONALD TINGLE, also known as CAPTAIN ) | |
| RON, also known as CAP,            ) | |
| ) | |
| Defendant.            ) | |

**ORDER ON PENDING MOTIONS**

This matter is before the Court on Defendant Ronald Tingle's ("Tingle") Motion for Grand Jury Transcripts ([Filing No. 91](#)), Motion in *Limine* ([Filing No. 92](#)), and Motion for Detention Hearing ([Filing No. 93](#)). Tingle requests copies of Grand Jury records for all events and testimony that occurred before the Grand Jury. He also asks the Court to prohibit the Government from introducing into evidence his prior drug conviction. Additionally, Tingle moves the Court to schedule a detention hearing. For the following reasons, Tingle's Motion for Grand Jury transcripts is **denied**, the Motion in *Limine* is **granted in part and denied in part**, and the Motion for Detention Hearing is **denied**.

### I.     BACKGROUND

In June 2015, a confidential informant with the Indiana State Police informed police officers that Tingle distributes methamphetamine in Switzerland County, Indiana. ([Filing No. 108-1](#).) Thereafter, in August 2015, the informant allegedly conducted three controlled buys of methamphetamine from Tingle at Tingle's residence in Switzerland County, Indiana and purchased approximately two grams of methamphetamine on August 7, 2015, four grams of

methamphetamine on August 18, 2015, and seven grams of methamphetamine on August 31, 2015. (Filing No. 96 at 17.) Police officers audio recorded and surveilled each transaction. *Id.* at 17-18. On September 1, 2015, a Switzerland County Circuit Court Judge found probable cause to issue a search warrant for Tingle's residence. (Filing No. 108-1 at 7-8.)

On September 2, 2015, law enforcement officers conducted a traffic stop on a vehicle driven by Tingle. (Filing No. 96 at 18.) During the traffic stop, the officers recovered approximately $1,100.00 in U.S. currency, some of which included the serial numbers of money used in the controlled buys. *Id.* at 18-19. That same day, Indiana State Police officers executed the search warrant of Tingle's home. (Filing No. 108-2.) During the search, the officers recovered a large amount of methamphetamine (approximately 165 grams), marijuana, scales, over $6,000.00 in cash, and eight firearms. *Id.* at 20. Those firearms included: 1) a loaded Smith & Wesson 9mm handgun; 2) a Ruger 10/20 .22 caliber rifle; 3) a Remington 870 pump 12 gauge shotgun with sling attached; 4) two New England 20 gauge single shot shotguns; 5) a Ruger .22 caliber Mark II target pistol; 6) a Harrington & Richardson 12 gauge single shot shotgun; and 7) a loaded Taurus .38 caliber special model 85 revolver containing five bullets. (Filing No. 108-2 at 16.)

On October 19, 2015, a Grand Jury returned an Indictment charging Tingle with one count of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), one count of distribution of 5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), two counts of distribution of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Filing No. 1.)

A Superseding Indictment was filed on October 19, 2016 (Filing No. 69) and on November 1, 2016, a Grand Jury returned a Second Superseding Indictment in this cause. (Filing No. 81.)

Tingle was arrested on October 23, 2015, and appeared before the Magistrate Judge on that same day. The Government orally moved for detention pursuant to 18 U.S.C. § 3142 and Tingle waived his right to a detention hearing, but reserved the right to request a hearing at a later date. On November 18, 2015, Tingle filed a motion requesting a detention hearing and a hearing was held before the Magistrate Judge on December 21, 2015. The Magistrate Judge ordered Tingle released upon conditions, but that order was stayed pending an appeal by the Government. On December 23, 2015, this Court held a hearing on the issue of detention. The Court determined that Tingle did not overcome the burden of production to show that he is not a flight risk or danger to the community. (Filing No. 43 at 1). The Court further found that there are no conditions or combination of conditions that would reasonably assure the safety of any other person or the community. *Id.* at 1, 4, 6.

Tingle filed a second Motion for Detention Hearing on March 10, 2016, stating that detention caused an undue hardship to his medical condition and on his ability to prepare a defense of the charges pending against him. (Filing No. 53.) The Court denied Tingle's motion to reopen the detention hearing in a detailed order. (Filing No. 57). Tingle remains incarcerated and the matter is scheduled for trial by jury beginning December 12, 2016.

## II.     DISCUSSION

Before the Court are three motions. Tingle requests copies of Grand Jury records, moves in *limine* to exclude evidence of his prior 1982 drug conviction, and asks the Court to schedule a detention hearing. The Court will address each of Tingle's motions in turn.

A.  **Motion for Grand Jury Transcripts**

Tingle asks the Court for "copies of the ministerial records of the Grand Jury (including tapes and transcripts) for all events and testimony before the Grand Jury, including but not limited to, the Indictment, Superseding Indictment and Second Superseding Indictment." (Filing No. 91.) In response, the Government argues that Tingle is not entitled to Grand Jury material, asserting that Tingle failed to show a particularized need for the transcripts and records. The judicial system consistently recognizes that the proper functioning of grand jury proceedings depends upon their absolute secrecy. *See Matter of Grand Jury Proceedings, Special Sept., 1986*, 942 F.2d 1195, 1198 (7th Cir. 1991) (citing *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 218 (1979)). "To obtain grand jury material, despite the presumptive secrecy imposed by Fed.R.Crim.P. 6(e), a litigant must show that the information is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [the] request is structured to cover only material so needed." *United States v. Campbell*, 324 F.3d 497, 498–99 (7th Cir. 2003) (citing *Douglas,* 441 U.S. at 222).

The Court finds that Tingle has not satisfied the above requirements to obtain Grand Jury material. Tingle states only that he requests the records pursuant to "Fed. Rule Crim.P. 6(e)(1), Rules 12(b) and 16," but fails to explain how the records would avoid a possible injustice in another judicial proceeding. Tingle also does not provide arguments regarding why the need for disclosure is greater than the need for continued secrecy or how the request is structured to cover only needed material. Accordingly, Tingle's Motion for Grand Jury material is **denied**.

B.  **Motion in *Limine***

Tingle moves in *limine* to exclude evidence of a 1982 prior drug conviction, asserting that it is highly prejudicial. The Court excludes evidence on a motion in *limine* only if the evidence

clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

On February 3, 1982, the Carroll Circuit Court convicted Tingle of "Trafficking in Lysergic Acid," a felony under Kentucky law. ([Filing No. 107 at 2](#).) Tingle contends that the prior conviction should be excluded at trial and from consideration during sentencing, arguing that the conviction is too remote and irrelevant. In response, the Government argues that Tingle's motion is premature and should be denied. The Government agrees that the evidence is more than ten years old and not admissible under Federal Rule of Evidence 609. The Government asserts that it does not intend to introduce the prior conviction in its case-in-chief, however, the Government argues that the evidence is admissible for impeachment purposes if Tingle opens the door to the information. The Government also contends that the evidence is admissible for other purposes relating to sentencing.

The Court concludes, and the Government does not dispute, that any evidence regarding Tingle's prior drug conviction should be excluded at trial, unless Tingle opens the door to impeachment. Also, as the Government persuasively argued, evidence regarding Tingle's prior drug conviction may be admissible for sentencing purposes because the Federal Rules of Evidence do not apply to sentencing. *See* Fed. R. Evid. 1101. Accordingly, Tingle's Motion in *Limine* is **granted in part and denied in part**.

**C.      Motion for Detention Hearing**

Finally, Tingle moves the Court to set another detention hearing because his medical condition deteriorated, he moved to a facility nearly two and one-half hours away from his attorney, family, and friends, and he lacks access to legal resources.  A pretrial detention hearing:

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

The Government argues that the Court should deny Tingle's motion because Tingle previously requested several detention hearings on the same issues and the Court denied the requests because the requirements under 18 U.S.C. § 3142(f) were not met to reopen the detention hearing.  The Government argues that the requirements remain unmet because Tingle knew of the above issues at the time of the initial detention hearing on October 23, 2015, and the information asserted by Tingle has no "material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  *See* 18 U.S.C. § 3142(f).  The Court agrees.

Tingle was aware of his medical conditions at the time of the detention hearing and his conditions have no bearing on the issue of whether there are conditions of release that would assure the safety of any other person and the community.  *See United States v. Hundley,* No. 2:07-CR-101-JTM, 2008 WL 2566748, at *2 (N.D. Ind. June 24, 2008) (finding that the "evidence regarding the medical condition of [defendant] does not affect the Court's finding as to the Defendant's assured appearance at future Court hearings and the safety of any other person and the community.").  Tingle's concern regarding hardship in preparing his defense was also previously

6

discussed and ruled upon. At that time, the Court advised counsel that the U.S. Marshal could transport Tingle to Indianapolis if that would better accommodate attorney/client visits. Current counsel resides in Louisville, Kentucky and likewise, arrangements can be made with the U.S. Marshals in New Albany to accommodate attorney/client visits. The Court can also address Tingle's medical and dental treatment needs with the Marshal. With respect to securing visits from friends and family, this issue has no bearing on the Court's determination regarding conditions of release. Fortunately, Tingle's trial is less than 30 days away and this issue will likely be resolved following trial. Accordingly, the Court finds that Tingle's concerns do not warrant reconsideration of the detention order and Tingle's motion for an additional detention hearing is **denied**.

### III.   CONCLUSION

For the foregoing reasons, Tingle's Motion for Grand Jury transcripts is **DENIED** ([Filing No. 91](#)). Tingle's Motion in *Limine* is **GRANTED in part and DENIED in part** ([Filing No. 92](#)). During the course of the trial, if either party believes evidence being offered is inadmissible or irrelevant, counsel may approach the bench and request a hearing outside the presence of the jury. Tingle's Motion for Detention Hearing is **DENIED** ([Filing No. 93](#)). Concerns regarding attorney visits and medical/dental treatment can be addressed at the final pretrial conference.

**SO ORDERED.**

Date: 11/15/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brian K. Darling
BRIAN K. DARLING
confederateyankeester@gmail.com

MaryAnn Totino Mindrum
UNITED STATES ATTORNEY'S OFFICE
maryann.mindrum@usdoj.gov