UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-cr-00023-TWP-VTW |
| ) | |
| RONALD TINGLE ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON SECOND MOTION TO SUPPRESS**

This matter is before the Court on Defendant Ronald Tingle's ("Tingle") second Motion to Suppress (Filing No. 121). Tingle is charged with Count One: Possession of Methamphetamine with Intent to Distribute, Counts Two, Three and Four: Distribution of Methamphetamine, and Count Five: Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of federal statutes. In this motion, Tingle alleges the judicial officer that issued the search warrant for his residence was not neutral and detached. On this basis, he petitions the Court to suppress any and all items seized from his residence on September 8, 2015. Tingle did not request an evidentiary hearing, nor is one warranted, as there are no significant disputed factual issues. Pursuant to Federal Rule of Criminal Procedure 12(d), the Court now states its findings of fact and conclusions of law and **DENIES** the Motion to Suppress.

**I.   FINDINGS OF FACT**

The findings of fact were previously stated in the November 15, 2016 Entry on Tingle's first Motion to Suppress (Filing No. 117). The Court adopts those findings and adds additional facts relevant to the pending motion.

In June 2015, a confidential informant informed Indiana State Police officers that Tingle was distributing methamphetamine in Switzerland County, Indiana. (Filing No. 108-1.) The informant advised that he/she had known Tingle for many years and had previously purchased methamphetamine from him. Thereafter, in August 2015, the informant conducted three controlled buys of methamphetamine from Tingle at Tingle's residence in Switzerland County, Indiana. (Filing No. 96 at 17.) The informant used money he/she received from Indiana State Police to purchase the methamphetamine from Tingle. *Id.* at 19. The informant allegedly purchased approximately two grams of methamphetamine on August 7, 2015, four grams of methamphetamine on August 18, 2015, and seven grams of methamphetamine on August 31, 2015. Police officers audio recorded and surveilled each transaction. *Id.* at 17-18. They also searched the informant before and after each transaction to ensure that no contraband was on his/her person. (Filing No. 108-1 at 3.)

After the third transaction, on September 1, 2015, Switzerland County Circuit Court Judge W. Gregory Coy found probable cause to issue a search warrant, authorizing law enforcement to search Tingle's residence based on information provided by the informant, the three controlled buys, and surveillance by law enforcement. (Filing No. 108-1 at 7-8.) The next day, September 2, 2015, law enforcement officers conducted a traffic stop on a vehicle driven by Tingle. (Filing No. 96 at 18.) During the traffic stop, the officers recovered approximately $1,100.00 in U.S. currency, some of which included the serial numbers of money used in the controlled buys. *Id.* at 18-19. That same day, Indiana State Police officers executed the search warrant and searched Tingle's home. (Filing No. 108-2.) During the search, the officers recovered a large amount of methamphetamine (approximately 165 grams), marijuana, scales, over $6,000.00 in cash, and eight firearms. *Id*. at 20. Those firearms included: 1) a loaded Smith & Wesson 9mm handgun; 2) a

Ruger 10/20 .22 caliber rifle; 3) a Remington 870 pump 12 gauge shotgun with sling attached; 4) two New England 20 gauge single shot shotguns; 5) a Ruger .22 caliber Mark II target pistol; 6) a Harrington & Richardson 12 gauge single shot shotgun; and 7) a loaded Taurus .38 caliber special model 85 revolver containing five bullets. (Filing No. 108-2 at 16.) On October 15, 2015, Tingle was indicted by a federal grand jury and charged with one count of Possession of Methamphetamine with Intent to Distribute, three counts of Distribution of Methamphetamine, and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime.

On March 27, 1992, felony charges were filed against Tingle involving cocaine dealing and marijuana possession in Switzerland Superior Court, Case Number 78D01-9203-CF-0072. The Deputy Prosecuting Attorney in that action was W. Gregory Coy, the same person as the judicial officer that signed the subject search warrant. (Filing No. 121-2.) Tingle successfully attacked the search warrant in the 1992 case as that action was dismissed with prejudice. Deputy Prosecuting Attorney Coy filed a notice of appeal on December 20, 1993. *Id*. at 7. The dismissal was later affirmed on appeal before the Indiana Court of Appeals.

## II. DISCUSSION

Tingle moves this Court to suppress all evidence seized from his residence, asserting that a neutral and detached judicial party did not issue the search warrant. The United States Supreme Court insists that an issuing judge be: 1) neutral and detached, and 2) capable of determining whether probable cause exists for the requested arrest or search. *Shadwick v. City of Tampa*, 407 U.S. 345, 350 (1972). Neutrality and detachment "require severance and disengagement from activities of law enforcement" that "would distort the independent judgment the Fourth Amendment requires." *Id.* at 350–51.

3

Tingle does not challenge the existence of probable cause, but contends only that Judge Coy was not neutral and detached when issuing the search warrant. Tingle contends that because then-deputy prosecutor Coy filed and prosecuted a criminal action against Tingle in Switzerland Superior Court, alleging felony drug charges in 1992, any reasonable person would question now-Judge Coy's ability to be impartial due to his prior intimate contact with Tingle.

In response, the Government argues that Tingle has failed to provide any evidence that Judge Coy was not neutral and detached at the time of issuing the search warrant. The Government notes that the warrant is valid because this Court previously determined probable cause, and Tingle does not dispute that substantial evidence exists in the record supporting Judge Coy's finding of probable cause. In the alternative, the Government asserts that even if the warrant was invalid, suppression is inappropriate because the officers relied in good faith on Judge Coy's finding of probable cause. *United States v. Bell*, 585 F.3d 1045, 1052 (7th Cir. 2009)*; Leon*, 468 U.S. 897, 920-24 (1984) (where an officer objectively relies in "good faith" on a "magistrate's determination of probable cause…, an application of the extreme sanction of exclusion is inappropriate."). The Court agrees.

Despite Judge Coy's previous prosecution of Tingle, the Court determines that Judge Coy was neutral and detached because the record does not establish that Judge Coy had a direct, personal, substantial, pecuniary interest in reaching a conclusion against Tingle when issuing the search warrant. *See Del Vecchio v. Illinois Dep't of Corr.*, 31 F.3d 1363, 1375 (7th Cir. 1994) (holding that a judge who presided over a defendant's trial was not required by due process to disqualify himself despite being involved in prosecuting the defendant fourteen years prior); *United States v. Harris*, 566 F.3d 422, 434 (5th Cir. 2009) (holding that an issuing judge was neutral and detached, even though the judge previously represented the defendant in two felony

4

drug cases ten years prior); *United States v. Barry-Scott*, 251 F. App'x 983, 986 (6th Cir. 2007) (holding that an issuing judge was neutral and detached despite previously representing defendant in a similar drug case); *United States v. Heffington,* 952 F.2d 275, 278-279 (9th Cir. 1991); *United States v. Outler,* 659 F.2d 1306, 1312 (5th Cir. 1981) (holding that an issuing judge was not required to disqualify himself despite previously representing the government in an unrelated probation revocation hearing against the defendant).

Further, as the Government persuasively argued, even if the record established that Judge Coy was not neutral and detached, this Court has independently reviewed the search warrant and determined that probable cause exists. (Filing No. 117.) Where a judge fails to act in a neutral and detached manner, "the evidence seized pursuant to a defective warrant may still be admissible if it fits within the requirements of the good faith exception to the exclusionary rule." *Barry-Scott*, 251 F. App'x at 992–93 (citing *United States v. Caldwell,* No. 99–5465, 2000 WL 1277011, at *6 (6th Cir. Aug.30, 2000); *Leon,* 468 U.S. 897 (1984)). Tingle has not shown that the officers were dishonest or reckless in preparing the supporting affidavit or that the affidavit was so lacking in probable cause that no officer could have relied on it. Accordingly, Tingle's Motion is denied.

### III.   CONCLUSION

The mere fact that the issuing judge was the deputy prosecuting attorney on Tingle's dismissed felony drug case more than 20 years ago, does not establish that Judge Coy was not neutral and detached. The Court has independently reviewed the affidavit supporting the search warrant and found that probable cause exists and the *Leon* "good faith" exception is applicable. For the reasons stated above, the second Motion to Suppress is **DENIED**.

**SO ORDERED.**

Date: 12/1/2016

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

5

DISTRIBUTION:

Brian K. Darling
BRIAN K. DARLING
confederateyankeester@gmail.com

MaryAnn Totino Mindrum
UNITED STATES ATTORNEY'S OFFICE
maryann.mindrum@usdoj.gov

Matthew J. Lasher
UNITED STATES ATTORNEY'S OFFICE
matthew.lasher@usdoj.gov