**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-cr-00023-TWP-VTW |
| ) | |
| RONALD TINGLE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ENTRY ON MOTION TO DISMISS**

This matter is before the Court on Defendant Ronald Tingle's ("Tingle") Motion to Dismiss (Filing No. 129). Tingle moves this Court to dismiss the charges against him, asserting that the government filed the Superseding Indictment in retaliation for his rejection of the government's proposed plea offer. The Government denies any prosecutorial vindictiveness. For the following reasons, the Court **DENIES** the Motion to Dismiss.

### I. BACKGROUND

On October 20, 2015, Tingle was charged with one count of Possession of Methamphetamine with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) and three counts of Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(B)(viii). (Filing No. 1.) On April 21, 2016, the Government extended a plea offer to Tingle, which Tingle did not accept. (Filing No. 133-1) Several months later, on July 15, 2016, the Government extended the same plea offer, which explained that it intended to supersede the Indictment if Tingle did not accept the plea offer by July 29, 2016. (Filing No. 133-2.) Tingle, again did not accept the offer. On October 19, 2016, and

November 1, 2016, the Grand Jury returned a First Superseding Indictment and Second Superseding Indictment, respectively[1]. Tingle is charged with one count of Possession of Methamphetamine with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), three counts of Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(B)(viii), and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Filing No. 81.)

Tingle now moves the Court to dismiss the charges in the Second Superseding Indictment, asserting prosecutorial vindictiveness. (Filing No. 129.) Trial is set for December 12, 2016.

## I.     STANDARD OF REVIEW

The government retains broad discretion in determining who to prosecute and when to prosecute. *Jarrett v. United States,* 822 F.2d 1438, 1443 (7th Cir. 1987) (citing *Wayte v. United States,* 470 U.S. 598, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985)). "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his [or her] discretion." *Id*. (quoting *Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978).

For a claim of vindictive prosecution to succeed, a defendant must offer sufficient evidence that: 1) a prosecutor singled him out while other similarly situated violators were not prosecuted; and 2) the decision to prosecute was based on an arbitrary classification such as race, religion, or the exercise of constitutional rights. *United States v. Monsoor*, 77 F.3d 1031, 1034 (7th Cir. 1996). A defendant may also establish prosecutorial vindictiveness by showing that the Government prosecuted in retaliation*. Id.* To determine if prosecution was pursued in retaliation, courts look to

---

[1] The Second Superseding Indictment corrected a scrivener's error and contained no substantive changes from the Superseding Indictment.

whether: "(1) the prosecutor harbored genuine animus, and (2) absent this motive, defendant would not have been prosecuted." *Id.* (quoting *United States v. Cyprian*, 23 F.3d 1189, 1195 (7th Cir.1994)).

Prosecutorial vindictiveness is presumed where a prosecutor takes action that is detrimental to a defendant after the defendant exercised a legal right. *United States v. Goodwin*, 457 U.S. 368, 373 (1982). This conduct ordinarily occurs at sentencing, and has the effect of discouraging a defendant from exercising a constitutional right. *United States v. Spears,* 159 F.3d 1081, 1086 (7th Cir. 1998) (citing *North Carolina v. Pearce*, 395 U.S. 711, 725-26 (1969) (holding that there is a presumption of vindictiveness when a harsher sentence is imposed after a defendant exercises his right to a *de novo* review)). The Supreme Court, however, refused to extend the presumption to pre-trial prosecutorial decisions. *Spears,* 159 F.3d at 1086 (citing *Goodwin*, 457 U.S. at 384). In order for a defendant to prove vindictiveness on the part of the Government for its pre-trial decision to seek an indictment, the defendant must present objective evidence showing genuine prosecutorial vindictiveness. *Id.*

## II. DISCUSSION

Tingle moves the Court to dismiss the charges in both Superseding Indictments, arguing prosecutorial vindictiveness. As an initial matter, the Court reminds Tingle that the operative indictment is the Second Superseding Indictment, so the Superseding Indictment is not at issue. Tingle contends only that the Government sought additional indictments, even without new facts, because he declined to accept a guilty plea. Tingle relies on *Goodwin* and *U.S. v. White*, 972 F.2d 16 (2d Cir.), when asserting that the Government's action creates a presumption of vindictiveness.

In response, the Government argues that filing superseding indictments after Tingle did not accept the plea offer does not amount to an inference of vindictiveness. *Goodwin,* 457 U.S. 368

(1982). However, Goodwin makes it clear that the mere addition of charges after a defendant declines to plead guilty creates no inference of vindictiveness. *Goodwin* at 380-81 (finding no presumption of vindictiveness where the Government made a pretrial decision to modify charges). In fact, the Supreme Court has concluded in a series of cases that such a presumption does not apply to prosecutorial decisions made pre- rather than post-trial. *See Bordenkircher* at 357; *Town of Newton v. Rumery,* 480 U.S. 386, 397 n. 7, (1987); *United States v. Napue,* 834 F.2d 1311, 1330 (7th Cir.1987).

The Government also argues that, despite Tingle's assertion, it relied on new facts when filing the Superseding Indictments. In particular, the Government contends that in February 2016 it received laboratory results regarding the purity levels of methamphetamine seized from Tingle's apartment, and those new facts formed the basis for the Second Superseding Indictment.

The Court concludes that without some "objective evidence showing genuine prosecutorial vindictiveness" Tingle's claim fails. *See Spears,* 159 F.3d at 1086. "[T]he mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unjustified." *Goodwin,* 457 U.S. at 382-383. Accordingly, Tingle's Motion to Dismiss is **DENIED**.

**SO ORDERED.**

Date: 12/6/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Brian K. Darling
BRIAN K. DARLING
confederateyankeester@gmail.com

MaryAnn Totino Mindrum
UNITED STATES ATTORNEY'S OFFICE
maryann.mindrum@usdoj.gov

Matthew J. Lasher
UNITED STATES ATTORNEY'S OFFICE
matthew.lasher@usdoj.gov