UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15-cr-00023-TWP-VTW |
| | ) |
| RONALD TINGLE | ) |
| Defendant. | ) |

## ORDER DENYING MOTION FOR CONTINUANCE

This matter is before the Court on Defendant Ronald Tingle's ("Tingle") Motion of Defendant to Reschedule Trial (Filing No. 130) and the Government's Response in Opposition thereto (Filing No. 132). Tingle is charged with Count One: Possession of Methamphetamine with Intent to Distribute, Counts Two, Three and Four: Distribution of Methamphetamine and Count Five: Possession of a Firearm in Furtherance of a Drug Trafficking Crime. This matter has been pending for over one year, since October 20, 2015, and is scheduled for trial by jury on Monday, December 12, 2016. The Court, having considered the Motion and objection, now finds that the Motion to Reschedule Trial should be **DENIED**.

## I. DISCUSSION

The Court may refuse a request for continuance where the granting of such relief would delay the trial indefinitely, or where it appears that the real purpose of the continuance is merely to secure delay. The Seventh Circuit has stated that in deciding whether to grant a motion to continue, a district court should consider several factors, including: (1) the amount of time available for preparation; (2) the likelihood of prejudice from denial of the continuance; (3) the defendant's role in shortening the effective preparation time; (4) the degree of complexity of the case; (5) the availability of discovery from the prosecution; (6) the likelihood that a continuance

will satisfy the movant's needs; and (7) the inconvenience and burden to the district court and its pending case load. *U.S. v. Miller*, 327 F.3rd 598, 601(7th Cir. 2003).

Tingle alleges he needs additional time to review all of the discovery that has been provided on the original Indictment and the supplemental amounts of discovery from the two Superseding Indictments. ([Filing No. 130, at 1](.).) He asserts that new items of discovery were just received this week, and that logistically the distance between his attorney and the jail, and limited access to computers have hampered counsel's opportunity to discuss discovery with his client. Tingle also contends that more time would be fruitful in attaining a resolution and plea agreement. *Id.*

In response, the Government asserts that the Rule 16 discovery pertaining to the original Indictment was first received by Tingle on November 10, 2015. Since that time, Tingle has requested, and the Government has provided, that very same discovery on three additional occasions (April 16, 2016, July 15, 2016 and November 9, 2016). The Government contends that the only Rule 16 discovery recently provided consists of chain of custody discovery (i.e., property receipts for the drug evidence seized, and a DEA report summarizing the chain of custody of the buccal swab evidence). The Government contends, and Tingle does not dispute, that the other recently received reports are not Rule 16 discovery, but rather Jencks Act material, provided to defense counsel as agreed, within a week of trial. The Government objects to a continuance of the trial and argues that the disclosure of those documents does not warrant a continuance of this trial.

The Court agrees. Tingle has had the majority of Rule 16 discovery materials in this matter for over a year, and as new documents have become relevant and available, they have been promptly tendered by the Government. Tingle and his counsel have had more than adequate time to review the Rule 16 discovery materials. Counsel and Tingle may continue to review the discovery until the day of trial.

At the November 10, 2016 final pretrial conference, the Court addressed Tingle's logistical concerns with the U.S. Marshals Service, who agreed to have Tingle placed at the facility which best provided video conferencing and in-person visitation with counsel and access to a library. Defense counsel should continue to visit with Tingle this week, in preparation for trial.

With respect to Tingle's assertion that he needs additional time to settle this case, the Government asserts that it extended a final plea offer to Tingle on November 18, 2016, which was rejected by the defendant via email on November 23, 2016. The Government advises that no additional plea offer is available to defendant and contrary to his representations, there are no additional plea negotiations occurring between the parties. (Filing No. 132 at 7.)

This is Tingle's sixth motion for continuance. The Court has previously granted Tingle five motions for continuance which were docketed as Filing No. 26, Filing No. 30, Filing No. 48, Filing No. 52 and Filing No. 66. In the Order regarding continuance number five, the Court advised Tingle that there would be no further continuances of the trial. (Filing No. 68.)

None of the reasons stated by the defense counsel warrants a continuation of the trial. The amount of time available for trial preparation has been sufficient. Tingle's counsel has also diligently prepared for trial. Defense counsel has been on the CJA list for the Western District of Kentucky or the Southern District of Indiana since 1974-75. Counsel has tried approximately 64 federal criminal jury trials. In this case, able bodied counsel has filed two distinct motions to suppress, several motions *in limine*, witness and exhibit lists, a motion to dismiss, proposed jury instructions and verdict forms. As recently as the final pretrial conference, Tingle's attorney has represented that he is ready for trial. The Court notes that the Government has also begun its trial preparations in earnest, has subpoenaed witnesses, created trial exhibits, and expended considerable taxpayer dollars to prepare for the December 12, 2016 trial date. The Court has also

accommodated Tingle's choice to have his matter tried in the New Albany Division, for the convenience of Tingle and his witnesses.

The matters to be tried on December 12, 2016 are not complex. Despite Tingle's contentions, the Government has presented credible argument that discovery has been made readily available. Rulings have been made on numerous motions, including two motions to suppress, motions *in limine*, and a motion to dismiss. There is little likelihood that much more could be accomplished with a continuance that cannot be accomplished within the next week. There is little, if any, likelihood that Tingle would be prejudiced by denial of this continuance. Finally, a continuance would be extremely inconvenient and burdensome to the Court's case load. The Court has several criminal trials scheduled this winter and spring and rescheduling this trial would be difficult.

## II.  CONCLUSION

The December 12, 2016 trial date is firm. For the reasons stated above, Tingle's sixth Motion for Continuance ([Filing No. 130](#)) is **DENIED.**

**SO ORDERED.**

Date: 12/6/2016

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

MaryAnn Totino Mindrum
UNITED STATES ATTORNEY'S OFFICE
maryann.mindrum@usdoj.gov

Matthew J. Lasher
UNITED STATES ATTORNEY'S OFFICE
matthew.lasher@usdoj.gov

Brian K. Darling
BRIAN K. DARLING
confederateyankeester@gmail.com