**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-cr-00023-TWP-VTW |
| | ) | |
| RONALD  TINGLE also known as CAP; also | ) | |
| known as CAPTAIN RON;  (01), | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION IN *LIMINE***

This matter is before the Court on the Government's Motion in *Limine*.  (Filing No. 111.)
The Government seeks to exclude from evidence nine convictions sustained by an undisclosed
witness, pursuant to Fed. R. Evid. 609.  For the following reasons, the Motion in *Limine* is **granted
in part and denied in part**.

The Court excludes evidence on a motion *in limine* only if the evidence clearly is not
admissible for any purpose.  *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398,
1400 (N.D. Ill. 1993).  Unless evidence meets this exacting standard, "evidentiary rulings should
be deferred until trial so that questions of foundation, relevancy and potential prejudice may be
resolved in proper context." *Id.* at 1400.  Moreover, denial of a motion *in limine* does not
necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means
that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded.
*Id.* at 1401.

The Government moves to exclude nine convictions sustained by the Government's
undisclosed witness, arguing that the convictions are barred by Federal Rule of Evidence 609.
Rule 609 allows evidence of prior criminal convictions to impeach a witness.  Rule 609 states that

when attacking a witness's truthfulness, "for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence [of the criminal conviction] . . . must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant." Fed. R. Evid. 609(a)(1)(A).

> [I]f more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later [then the] [e]vidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609(b).

The undisclosed witness was convicted of three felonies in 1999.  Those felonies included Receiving Stolen Firearm, Burglary, and Theft by unlawful taking.  The witness was sentenced to a total of ten years in jail, however, the witness was released after three and one half years.  The Government argues that the felony convictions are inadmissible as evidence under Rule 609 because more than ten years has passed since the witness's release from confinement.  The witness was also convicted of seven[1] violations and misdemeanors between 1998 and 2015.  The punishments for these convictions were primarily fines and, in one instance, a sentence of twelve months in jail.  The Government argues that these convictions are also inadmissible under Rule 609 because they were not "punishable by death or by imprisonment for more than one year." *See* Fed. R. Evid. 609(a)(1)(A).

The Government additionally disclosed that, on February 9, 2015, the undisclosed witness was arrested and charged with Trafficking in Controlled Substance (felony), Possession of Drug

---

[1] 1) Possession of Marijuana (Misdemeanor- 10/31/1998); 2) Improper Flashing Lights (Violation-2/01/2003); 3) Speed 10 MPH Over (Violation-11/09/2004); 4) Local County Ordinance (Violation- 1/01/2006); 5) Alcohol Intoxication in a Public Place (Violation-9/08/2012); 6) Disregarding Stop Sign (Violation-8/27/2014); and Possession of Drug Paraphernalia (Misdemeanor-10/07/2015). (Filing No. 111 at 3.)

Paraphernalia (misdemeanor), as well as, Operating on Suspended License (misdemeanor) and Failure to Produce Insurance Card (violation).  As a result of the witness's cooperation in the instant investigation, the Government dismissed the Trafficking in Controlled Substance felony charge and the witness pled guilty only to Possession of Drug Paraphernalia.  The Government contends that although this information is barred under Rule 609, Tingle may use this evidence for impeachment purposes regarding the witness's bias.

The Court concludes that any evidence regarding the undisclosed witness's prior misdemeanor convictions and infractions is excluded at trial. Any evidence regarding the undisclosed witness's prior felony convictions is excluded at trial, unless the court first determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.  The Court also finds, and the Government agrees, that the witness's February 9, 2015 arrest, charges and dismissal may be admitted into evidence for the limited purpose of arguing witness bias.  Accordingly, the Government's Motion in *Limine* is **granted in part and denied in part**

**SO ORDERED.**

Date: 12/6/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Brian K. Darling
BRIAN K. DARLING
confederateyankeester@gmail.com

MaryAnn Totino Mindrum
UNITED STATES ATTORNEY'S OFFICE
maryann.mindrum@usdoj.gov

Matthew J. Lasher
UNITED SATATES ATTORNEY'S OFFICE
matthew.lasher@usdoj.gov