UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-cr-00023-TWP-VTW |
| ) | |
| RONALD TINGLE also known as CAP; also ) | |
| known as CAPTAIN RON; (01), ) | |
| ) | |
| Defendant. ) | |

### ORDER ON MOTION FOR RETURN OF PERSONAL PROPERTY

This matter is before the Court on interested party, Justin Tingle's ("Justin"), Motion for Return of Personal Property. (Filing No. 157.) The Government asks the Court to deny the Motion because it is untimely. For the following reasons, the Court **DENIES** Justin's Motion.

### I. BACKGROUND

On September 1, 2015, Indiana State Police officers searched the Defendant's home. (Filing No. 108-2.) During the search, the officers seized, among other things, several firearms. Those firearms included: 1) a Ruger 10/20 .22 caliber rifle; 2) a Remington 870 pump 12-gauge shotgun with sling attached; 3) a New England 20-gauge single shot shotgun; 4) an Ithaca 410 single shot shotgun model M-66 super single; 5) a Ruger .22 caliber Mark II target pistol; 6) a Harrington & Richardson 12-gauge single shot shotgun; and 7) a Loaded Taurus .38 caliber special model 85 revolver containing five bullets. (Filing No. 108-2 at 16.)

Thereafter, the Grand Jury returned a Second Superseding Indictment charging the Defendant with one count of Possession of Methamphetamine with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), three counts of Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(B)(viii),

and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). ([Filing No. 81](#).) The Second Superseding Indictment notified the Defendant of the Government's intent to forfeit, among other assets, the seized firearms. *Id.*

On December 12, 2016, a jury found the Defendant guilty on all counts. ([Filing No. 154](#).) Thereafter, the Court scheduled a forfeiture hearing for March 9, 2017, at 2:00 p.m., followed by a sentencing hearing at 3:00 p.m. ([Filing No. 149](#).) On January 25, 2017, Justin filed a Motion for Return of Personal Property, specifically regarding the: 1) Ruger 10/20 .22 caliber rifle; 2) Remington 870 pump 12-gauge shotgun with sling attached; 3) New England 20-gauge single shot shotgun; 4) Ithaca 410 single shot shotgun model M-66 super single; 5) Harrington & Richardson 12-gauge single shot shotgun; and 6) Ruger .22 caliber Mark II target pistol. ([Filing No. 157](#).) *Id.* The Government asks the Court to deny the Motion because it is untimely. ([Filing No. 161](#).)

## II. DISCUSSION

Justin asks the Court to return six firearms that the Government seized in connection to the indictment of the Defendant. Justin, the Defendants son, contends that he inherited the six firearms from his grandfather, James A. Tingle, who passed away on December 4, 1995. ([Filing No. 157-1](#).) In response, the Government contends the motion should be denied as untimely filed.

### A. 21 U.S.C. § 853(n)

The Government relies on Federal Rule of Criminal Procedure 32.2(b), when asserting that the Court must determine what property is subject to forfeiture"[a]s soon as practical after a verdict or finding of guilty," despite any third party's interest. FED. R. CRIM. P. 32.2(b). The Government contends that, as such, Justin must file his Motion after the Court enters an order of forfeiture and the Government gives notification of its intent to dispose of the property. *See* 21 U.S.C. § 853(n)(1) ("[f]ollowing …an order of forfeiture, the [Government must] publish notice of the order

and of its intent to dispose of the property"). Thereafter, Justin has "within thirty days of the final publication of notice or his receipt of notice…, whichever is earlier, [to] petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2). The court must then conduct an ancillary proceeding within thirty days of Justin's petition. *See* 21 U.S.C. § 853(n)(4); *see also* FED. R. CRIM. P. 32.2.

The Court agrees with the Government and finds that under § 853(n), Justin's request is premature. A forfeiture proceeding is scheduled on March 9, 2017. During that proceeding, the Government must establish the requisite nexus between the six firearms and the Defendant's offenses. *See* FED. R. CRIM. P. 32.2(b)(1)A). If the Government meets its burden, the Court will enter a preliminary order directing the forfeiture of the firearms. *See* FED. R. CRIM. P. 32.2(b)(2)(A). Following the order of forfeiture and notice to third parties of the Government's intent to dispose of the property, the Court may conduct an ancillary proceeding considering Justin's petition to recover the six firearms. *See* FED. R. CRIM. P. 32.2(c). To recover the firearms, Justin must establish by a preponderance of the evidence that the order of forfeiture is invalid because: 1) his interest in the firearms is superior to the Defendant's because it arose before the Defendant committed the criminal acts giving rise to the forfeiture, or (b) he is a bona fide purchaser for value without actual or constructive knowledge that the firearms were subject to forfeiture. 21 U.S.C. § 853(n)(6)(A), (B).

**B. Fed. R. Crim. P. 41(g)**

The Government also argues that, in the alternative, Justin may file a Rule 41(g) motion if the firearms are not forfeited on March 9, 2017. Federal Rule of Criminal Procedure 41(g) specifically states that:

> [a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be

> filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

FED. R. CRIM. P. 41(g).

The proper time to invoke a Rule 41(g) motion is before any forfeiture proceedings have been initiated to seek the return of property seized without probable cause, however, the Seventh Circuit has found that a claim under Rule 41(g) may be brought "after criminal proceedings have concluded to recover the defendant's property when the property is no longer needed as evidence—unless, of course, it has been forfeited in the course of those proceedings." *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004); *see also Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citations omitted).

The Court finds, despite Justin's contention that he is the true owner of the firearms, he has not presented sufficient evidence that the firearms were unlawfully seized. Without more information, the Court is unable to grant Justin's Motion to Recover pursuant to Rule 41(g). Accordingly, Justin's Motion is **denied**.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Justin Tingle's Motion for Return of Personal Property. ([Filing No. 157](.)) Justin's Motion is premature under 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2, but may be raised if an order of forfeiture is issued and the Government gives notice of its intent to dispose of the property. In addition, Justin's Motion under Fed. R. Crim. P. 41(g) is **DENIED** because Justin has not provided sufficient evidence to show that the firearms were unlawfully seized.

4

The clerks is ordered to add Justin Tingle as an **interested party** in this matter. Justin Tingle may renew his motion following the hearing on March 9, 2017, if in fact an order of forfeiture is granted on behalf of the Government.

**SO ORDERED**.

Date: 2/15/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Brian K. Darling
BRIAN K. DARLING
confederateyankeester@gmail.com

MaryAnn Totino Mindrum
UNITED STATES ATTORNEY'S OFFICE
maryann.mindrum@usdoj.gov

Matthew J. Lasher
UNITED STATES ATTORNEY'S OFFICE
matthew.lasher@usdoj.gov