UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-cr-00023-TWP-VTW |
| ) | |
| RONALD TINGLE also known as CAP; also ) | |
| known as CAPTAIN RON (01), ) | |
| ) | |
| Defendant. ) | |

**ORDER SETTING HEARING ON DEFENDANT'S OBJECTIONS
AND MOTION TO STRIKE APPLICATION OF 21 U.S.C. § 851**

This matter is before the Court on Defendant Ronald Tingle's ("Tingle") Objection and Motion to Strike Application of 21 U.S.C. § 851 (Filing No. 165). For the reasons stated below, Tingle's Motion is **denied in part** and hearing is scheduled on the remaining objections.

### I.     BACKGROUND

On October 20, 2015, Tingle was indicted by a federal Grand Jury on four counts of distribution of methamphetamine. (Filing No. 1.) On July 15, 2016, the Government filed an Information, Pursuant to 21 U.S.C. § 851(a)(1), which charged that on or about February 3, 1982, Tingle was convicted of a prior felony offense related to controlled substances (Trafficking in Lysergic Acid, Schedule II), in the Carroll Circuit Court, Commonwealth of Kentucky. (Filing No. 67.) Thereafter, on November 1, 2016, a federal Grand Jury returned a Second Superseding Indictment charging Tingle with one count of Possession of Methamphetamine with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), three counts of Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(B)(viii), and one count of Possession of a Firearm in Furtherance of a Drug Trafficking

Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  (Filing No. 81.)  In addition, the Second Superseding Indictment notified Tingle of the sentencing enhancement allegation.  *Id.*

On December 12, 2016, a jury found Tingle guilty on all counts.  (Filing No. 154.)  The matter is scheduled for a forfeiture hearing for Thursday, March 9, 2017, at 2:00 p.m., followed by a sentencing hearing at 3:00 p.m.  (Filing No. 149.)

On March 2, 2017, Tingle filed an Objection and Motion to Strike Application of 21 U.S.C. § 851. (Filing No. 165.)  Specifically, Tingle argues that *ex post facto* prevents application of the § 851 enhancement; his prior conviction does not fall within the parameters of § 851; application of the § 851 enhancement in this case is against Department of Justice policy, and application of the mandatory minimum penalty under 21 U.S.C. § 851 is unconstitutional on its face and as applied in this case based on *Apprendi v. New Jersey*, 530 U.S. 466 (1998).  On March 3, 2017, the Government filed a Response in Opposition asserting that none of Tingle's four contentions have merit.  (Filing No. 167.)

## II.    DISCUSSION

The Court agrees with the Government that the "2013 Holder Memorandum" is only a policy memorandum which does not have any force of law.  The memorandum specifically states, "The policy set forth herein is not intended to create or confer any rights, privileges, or benefits in any matter, case, or proceeding.  *See United States v. Caceres*, 440 U.S. 741 (1979)."  Accordingly, the Motion to Strike on the basis that application of the § 851 enhancement in this case is against Department of Justice policy is **denied**.

With respect to Tingle's argument that application of the enhancement as applied in his case is unconstitutional, the Court is persuaded by the Government's assertion that Tingle's argument does not comport with Seventh Circuit precedent.  The Supreme Court's decision in

*Almendarez-Torres v. United States*, 523 U.S. 224 (1998), holding that the government does not have to prove facts to a jury pertaining to prior convictions for recidivist enhancements to apply, is still controlling law. See *United States v. Shields*, 789 F.3d 733, 741-42 (7th Cir. 2015); *United States v. Lomax*, 816 F.3d 468, 477- 78 (7th Cir. 2016). Accordingly, Tingle's motion to strike on this basis is **denied**.

Tingle's remaining arguments are that application of the enhancement is barred based upon the principal of *ex post facto* and his prior conviction does not fall within the parameter of § 851. Title 21 U.S.C. § 851(b) provides as follows:

> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

In addition, 21 U.S.C. § 851(c)(1) provides:

> If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the United States attorney. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. The failure of the United States attorney to include in the information the complete criminal record of the person or any facts in addition to the convictions to be relied upon shall not constitute grounds for invalidating the notice given in the information required by subsection (a)(1). The hearing shall be before the court without a jury and either party may introduce evidence. Except as otherwise provided in paragraph (2) of this subsection, the United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact.

The Court considers Tingle's filing to be a denial that he has been previously convicted as alleged in the Information. In addition, the Court considers Tingle's written notice that his prior conviction does not fall within the parameters of § 851, and that the age of his prior conviction bars application

3

of the enhancement under the principle of *ex post facto,* is a challenge to his prior conviction and sufficient to require a hearing.

### III.  CONCLUSION

For the reasons stated above, the Court **DENIES** in part, Tingle's Motion to Strike (Filing No. 165), on the basis that the Information pursuant to 21 U.S.C. § 851 is unconstitutional on its face or in violation of Department of Justice policy.  Tingle's remaining claims will be heard on **Thursday, March 9, 2017, at 2:00 p.m**., Room 344, Birch Bayh Federal Building and United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana.

Parties should make note that the hearing on Tingle's matters shall commence at **2:00 p.m.** beginning with Tingle's objections and motion to strike the § 851 Information, followed by the Government's motion for forfeiture and finally, Sentencing. With respect to the forfeiture and § 851 hearing, parties shall file their witness or exhibit lists, if any, by **Wednesday, March 8, 2017**.

**SO ORDERED**.

Date:  3/6/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brian K. Darling
BRIAN K. DARLING
confederateyankeester@gmail.com

MaryAnn Totino Mindrum
UNITED STATES ATTORNEY'S OFFICE
maryann.mindrum@usdoj.gov

Matthew J. Lasher
UNITED STATES ATTORNEY'S OFFICE
matthew.lasher@usdoj.gov